IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALID ABDULLAH MUHAMMAD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  24-2553 |
| | : | |
| **JAMES ARMFIELD, AL MILES,** | : | |
| **WILBUR JONES, JAMES CLARK,** | : | |
| **BARRY MOORE, DENNY GREEN** | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                                                                                                                                        **November 22, 2024**

      Petitioner, Walid Abdullah Muhammad, filed a writ of habeas corpus *pro se* under 28 U.S.C. § 2254.  We referred the petition to Judge Carlos for a report and recommendation.  After Judge Carlos provided her well-reasoned report to us, Mr. Muhammad filed multiple amended petitions, along with letters and new petitions, some of which have been added as supplemental pleadings in this action.  *See* DI 10-19.  While only the letters indicate an objection to the report and recommendation, because Mr. Muhammad is *pro se*, we will interpret all of these filings as objections to Judge Carlos' report and recommendation.  Based on our review of the record and Judge Carlos' report, we approve and adopt the report and recommendation, and overrule Mr. Muhammad's objections.

**I.**       **Background and Procedural History**

      We "adopt[] the background and procedural history set forth in the R&R, which . . . has not been challenged . . . ."  *Marchesano v. Garmin*, 624 F. Supp. 3d 560, 562 (E.D. Pa. 2022).

      Mr. Muhammad, currently incarcerated at SCI Mahanoy State Penitentiary, was arrested on March 9, 2011, and charged with aggravated assault and related offenses.  DI 9 at 1.  On November 14, 2011, he entered a negotiated plea to the aggravated assault charge and was sentenced to 13 to 30 years in prison.  After Mr. Muhammed was sentenced, Thomas A. Dreyer,

Esquire of the Delaware County Public Defender's Office was appointed to represent him.  *Id.* at 2.  After that, Mr. Muhammad filed a notice of appeal to the Superior Court of Pennsylvania on December 9, 2011.  However, Mr. Dreyer, citing a lack of merit, sought to withdraw through an *Anders/McClendon* brief, which the court approved.  Mr. Muhammad then filed three separate petitions under Pennsylvania's Post-Conviction Relief Act ("PCRA") between 2015 and 2019.  Each was dismissed, and his attempt to appeal this second dismissal was procedurally dismissed for failure to file a brief.

On June 10, 2024, Muhammad filed his first federal habeas corpus petition under 28 U.S.C. § 2254, followed by an amended petition on June 27, 2024, which was filed using our standard filing forms that were provided by the Clerk of Court.  *Id.*  Judge Carlos assessed Mr. Muhammad's original and amended petition and found that they were indecipherable.  *Id.* at 3-4.  Judge Carlos was able to identify one potential ground for relief in the amended petition but could not discern an actual claim, only that Mr. Muhammad had alleged "foul play" and "free masonry black magic."  *Id.* at 4.  Judge Carlos found that Mr. Muhammad had failed to provide any alleged facts that could support a claim.  Judge Carlos also recommended dismissal because Mr. Muhammad's requested relief is "confinement" of the defendants, which is not an available form of relief resulting from a habeas petition.  *Id.*  Finally, after conducting an independent review of Mr. Muhammad's state court docket, Judge Carlos alternatively recommended dismissal because Mr. Muhammad's claims are time barred by his delay in filing his habeas petition in this case.[1]  *Id.* at 4 n.5.

---

[1] We agree with Judge Carlos that Mr. Muhammad's claim is time barred and we dismiss based on this rationale as well.  Mr. Muhammad was required to file his application for a writ of habeas corpus within a year of his relevant judgment became final following all direct review.

II.     **Standard of Review**

Congress permits district judges to "designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B). Parties can object to a magistrate judge's report. *Id.* § 636(b)(1)(C); *see* E.D. Pa. R. 72.1(IV)(b). They "must specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." E.D. Pa. R. 72.1(IV)(b). And we "may accept, reject, or modify, in whole or in part, the findings or recommendations made." § 636(b)(1)(C); *see* E.D. Pa. R. 72.1(IV)(b). Our review of a magistrate judge's report and recommendations is de novo. § 636(b)(1)(C).

III.    **Analysis**

Mr. Muhammad has filed three letters that each contain the word "objection," as well as three additional amended petitions, and a consent form to send his case to a magistrate judge since the report and recommendation was docketed.[2] Each of Mr. Muhammad's letters states

---

At the latest, Mr. Muhammad's state court case became final on December 19, 2019, when his third PCRA petition was dismissed. Mr. Muhammad filed the petition in this case on June 10, 2024, over three years later and beyond the statute of limitations. Mr. Muhammad also appears to acknowledge that this is true. *See* DI 19 at 13 (stating that his petition is "Untimely 1A").

[2] As Judge Carlos identified, Mr. Muhammed has filed many civil rights complaints in this district and others. *See, e.g., Muhammad v. Sheriff*, No. 24-4285 (E.D. Pa. July 30, 2024); *Muhammad v. Mason*, No. 24-6022 (E.D. Pa. Oct. 29, 2024); *Muhammad v. Eldridge*, No. 24-5786 (E.D. Pa. Aug, 20, 2024); *In re Walid Abdullah Muhammad*, No. 24-5793 (E.D. Pa. Oct. 29, 2024); *Muhammad v. O'Grady*, No. 24-4128 (E.D. Pa. Aug. 9, 2024); *Muhammad v. Kane*, 2024 WL 1773361, at *3 (M.D. Pa. Apr. 24, 2024) (reciting cases); *In re Walid Abdullah Muhammad*, No. 24-1118 (E.D. Pa. May 3, 2024); *Muhammad v. Mason*, No. 24-529 (D. Del. June 25, 2024); *Muhammad v. United States*, No. 24-1020 (Fed. Cl. July 26, 2024). Each of those petitions contain language very similar to the petitions in this case, and no other judge issuing a dismissal was able to identify a cognizable claim based on our review.

3

that his "filing raises one ground for relief," but otherwise fails to address the issues raised by Judge Carlos in the report and recommendation. *See* DI 11, 12, 13. Mr. Muhammad instead supplements his petitions with equally incoherent words and phrases to those present in his first and first amended petitions. His amended petitions fare no better and are similarly comprised of jumbled and incomplete sentences. See DI 10, 14, 16, 19. While many of the words that Mr. Muhammad submits are startling and worrisome, Mr. Muhammad fails to raise any discernable objection to Judge Carlos' report or cure for the issues that Judge Carlos identified with Mr. Muhammad's petitions. Nowhere in any of Mr. Muhammad's myriad of filings has he identified a violation of a constitutional right or factual allegations that could give rise to one. Accordingly, despite our obligation to liberally construe Mr. Muhammad's filings,[3] we are unable to offer Mr. Muhammad any form of relief.

**IV.** **Conclusion**

For the reasons explained above, we adopt Judge Carlos' report and recommendation. We dismiss Mr. Muhammad's writ of habeas corpus and will not issue him a certificate of appealability as he has failed to make "a substantial showing of the denial of a constitutional right." *Becker v. Sec'y Pa. Dep't of Corr.*, 28 F.4th 459, 460 (3d Cir. 2022) (quoting 28 U.S.C. § 2253(c)(2)).

---

[3] *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("A habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously. 'It is the policy of the courts to give a liberal construction to pro se habeas petitions.'" (quoting *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir.1969))).